TIMOTHY COURCHAINE
United States Attorney
District of Arizona

BENJAMIN GOLDBERG
Assistant U.S. Attorney
New York State Bar No. 5346838
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Email: Ben.Goldberg@usdoj.gov
Attorneys for Plaintiff

☐ FILED   ☒ LODGED

**Jun 04 2026**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Alejandro Montemayor,<br><br>                    Defendant. | CR- 26-00501-01-PHX-SMB<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, ALEJANDRO MONTEMAYOR, hereby agree to resolve this matter on the following terms and conditions:

1.    **PLEA**

The defendant will plead guilty to an Information charging the defendant with a violation of 18 U.S.C. §§ 924(a)(1)(A) & 2, False Statement During the Purchase of a Firearm, Aiding and Abetting, a Class D felony offense, and 31 U.S.C. §§ 5331 and 5322(b), Failure to File a Report Related to Currency, a Class C felony offense.

2.    **MAXIMUM PENALTIES**

a.    A violation of 18 U.S.C. §§ 924(a)(1)(A) & 2, False Statement During the Purchase of a Firearm, Aiding and Abetting is punishable by a maximum fine of $250,000, a maximum term of imprisonment of five years, or both, and a maximum term of supervised release of three years. A maximum term of probation is five years, including a

minimum term of one year if probation is imposed. A violation of 18 U.S.C. §§ 5331 and 5322(b) is punishable by a maximum fine of $500,000, a maximum term of imprisonment of ten years, or both, and a maximum term of supervised release of three years. A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)    serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)    pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.    **AGREEMENTS REGARDING SENTENCING**

a.    Stipulation: Sentencing Cap. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall not exceed the low-end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). Nothing in this agreement shall preclude the defendant from moving for a downward variance or sentence below the cap, or the court from imposing a sentence below the cap.

b.    Recommendation: Acceptance of Responsibility. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

c.    Non-Binding Recommendations. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

d.    Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

4. **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

5. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under

18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7.    DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.    The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)    criminal convictions, history of drug abuse, and mental illness; and

(2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of

- 5 -

payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.     ELEMENTS**

**Count 1:**

**False Statement During the Purchase of a Firearm, Aiding and Abetting**

To "aid and abet" means to intentionally help someone else commit a crime. To prove a defendant guilty of False Statement During the Purchase of a Firearm by Aiding and Abetting, the government must prove each of the following elements beyond a reasonable doubt:

On or about May 22, 2024, in the District of Arizona:

1.     Another individual knowingly committed the crime of False Statement During the Purchase of a firearm by committing the following:

  a)     The individual knowingly made a false statement or representation in connection with the purchase of a firearm;

  b)     The individual made the false statement or representation to a licensed dealer, importer, manufacturer, or collector of firearms, as defined in Chapter 44, Title 18 United States Code; and

  c)     The statement pertained to information that the law requires the licensed dealer, importer, manufacturer, or collector to keep.

2.     The defendant aided, counseled, commanded, induced, or procured that individual with respect to at least one element of the crime of False Statement During the Purchase of a Firearm;

3.     The defendant acted with the intent to facilitate the crime of False Statement During the Purchase of a Firearm; and

4.     The defendant acted before the crime was completed.

<u>**Count 2:**</u>

**Failure to File a Report Related to Currency**

On or about February 23, 2024, in the District of Arizona:

1.    The defendant engaged in a trade or business;

2.    The defendant, in the course of such trade and business, received more than $10,000 in coins or currency; and

3.    The defendant willfully failed to file a report with respect to such transaction with the Financial Crimes Enforcement Network.

10.    **FACTUAL BASIS**

a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

From on or about January 6, 2022, to on or about May 29, 2024, I, ALEJANDRO MONTEMAYOR, operated and ran AV AZ Firearms, a Federal Firearms Licensee where I sold firearms. AV AZ Firearms is located in Phoenix, Arizona. During that time period, I facilitated the straw purchase of firearms and later transferred some of those firearms to other individuals.

As an example, on May 22, 2024, I allowed and encouraged an individual to commit the crime of False Statement During the Purchase of a Firearm by showing that individual how to fill out an ATF Form 4473. I told the individual to attest on that Form 4473 that he was the true purchaser of the firearm, when in fact we both knew that he was straw purchasing the firearm for someone else. I later transferred that firearm, an Ohio Ordnance M240-SLR rifle, to a third individual, who was not the person who bought the firearm. In total, I transferred at least 72 firearms that were straw purchased.

Furthermore, on February 23, 2024, I engaged in business, specifically the sale of firearms through my FFL, AV AZ Firearms. On that date, I sold firearms for $14,520. Because I received more than $10,000, I knew that I had to

file a report regarding the transaction with the Financial Crimes Enforcement Network. Despite knowing that requirement, I did not file any such report. Between February 23, 2024 and May 14, 2024, I willfully failed to file 15 such reports, accounting for proceeds totaling $258,127.58.

b.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

6/4/2026
Date

ALEJADRO MONTEMAYOR
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the

offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

6/4/2026
Date

JOSHUA KOLSRUD
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

6/4/2026
Date

BENJAMIN GOLDBERG
Assistant U.S. Attorney

- 10 -

## ACCEPTANCE BY THE COURT

_____          _____
Date                                      HONORABLE
                                          United States District Judge